# Richmond

Martin L. Waxman v. Commonwealth of Virginia.

Leona Correll v. Commonwealth of Virginia.

Angelo Giordano v. Commonwealth of Virginia.

Josephine Spence v. Commonwealth of Virginia.

January 15, 1962.

Record Nos. 5372, 5373, 5374, 5375.

Present, All the Justices.

*John M. Goldsmith* and *Robert S. Irons* (*Goldsmith & Irons,* on brief), for the plaintiffs in error.

*D. Gardiner Tyler, Assistant Attorney General (Frederick T. Gray, Attorney General,* on brief), for the Commonwealth.

*Per Curiam.*

The appellants were convicted and fined $50 each for violating the third paragraph of § 40-64 of the 1950 Code of Virginia, which is in the following words:

"When a strike or lockout is in progress, no person who is not, or immediately prior to the time of the commencement of any strike or lockout was not, a bona fide employee of the business or industry being picketed shall participate in any picketing or any picketing activity with respect to such strike or lockout."

The employees of Kenrose Manufacturing Company were on strike and were picketing the company's plant. The appellants were not employees of the company but they participated in the picketing. They contend that paragraph three of § 40-64 is unconstitutional. They concede that its constitutionality was expressly sustained in *Dougherty* v. *Commonwealth*, 199 Va. 515, 100 S. E. 2d 754 (1957). They say in their brief: "The facts in the *Dougherty* case are incapable of valid distinction from the cases of Waxman, Giordano, Correll and Spence," the cases now before the court; and "If this court shall find in their favor, it must overrule its prior decision in *Dougherty* v. *Commonwealth*. There is no escape from this conclusion."

The *Dougherty* case was carefully considered and the conclusion reached was in our opinion correct. For the reasons therein stated we again hold that paragraph three of § 40-64 is constitutional and the judgments of conviction appealed from are accordingly

*Affirmed.*